In the Matter of the PETITION OF the STATE of Delaware FOR a WRIT OF MANDAMUS.

In the Matter of the PETITION OF the STATE of Delaware FOR a WRIT OF PROHIBITION.

Supreme Court of Delaware.

Submitted April 30, 1981.

Decided May 29, 1981.

Stephen M. Walther, Deputy Atty. Gen., Wilmington (argued), for complainant.

Joseph B. Green, Asst. Public Defender, Wilmington (argued), for respondent.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

The matters before the Court arise from the State's two complaints seeking a writ of mandamus and a writ of prohibition. In the course of a first degree murder trial, the Trial Judge ruled that the only statutory aggravating circumstance relied upon by the State to support the imposition of the death penalty was unconstitutionally vague, *State v. Chaplin,* Del.Super., 433 A.2d 327 (1981). Consequently, the Trial Judge determined that the punishment hearing contemplated by the statute, 11 *Del.C.* § 4209, was unnecessary and that the alternate punishment of life imprisonment without benefit of probation or parole should be imposed. Sentencing is pending. The State seeks directions to the Trial Court requiring a punishment hearing and prohibiting the imposition of sentence presently

contemplated by the Trial Judge. The State is concerned not only about the merits but also about the procedure adopted by the Trial Judge since it could effectively foreclose appellate review.

The respondent, the defendant Michael Chaplin in the criminal trial, has answered with the request that the writs be denied. Supreme Court Rule 43(b)(ii). Thus the issue presently before the Court is whether the complaints should be dismissed.

Initially some general comment is appropriate. This Court reviews all death sentences. 11 *Del.C.* § 4209(g). A death sentence cannot be imposed upon one found guilty of Murder in the First Degree unless the trier of fact, a jury in this case, finds, beyond a reasonable doubt, the existence of a statutory aggravating circumstance. § 4209(d)(1)(a). Absent such a finding, the sentence shall be life imprisonment without benefit of probation or parole. § 4209(a). The State contends that the Trial Court usurped the sentencing roles of both the jury and this Court by sustaining defendant's objection to a proposed instruction on the sole statutory aggravating circumstance at issue and by indicating the defendant would be sentenced to life imprisonment. As noted, the Trial Court acted as it did because it concluded that the aggravating circumstance described in § 4209(e)(1)(n) was unconstitutional. Subsection (n), when read with § 4209(e)(1), states that death shall not be imposed unless the jury finds, beyond a reasonable doubt that "[t]he murder was outrageously or wantonly vile, horrible or inhuman". No prior Delaware judicial interpretation of this statutory language having been brought to our attention, we can look only to the words used by the General Assembly. See *State v. White,* Del.Supr., 395 A.2d 1082, 1090–91 (1978).

■ The language of an aggravating circumstance must provide "clear and objective" standards by which the sentencing authority's discretion may be guided and channeled so as to avoid an arbitrary or capricious infliction of the death sentence. *White,* 395 A.2d at 1091. If substantial risk exists for an arbitrary or capricious applica-

tion, the statute is unconstitutional. *Gregg v. Georgia,* 428 U.S. 153, 188, 96 S.Ct. 2909, 2932, 49 L.Ed.2d 859, 883 (1976) (discussing *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)).

■ The Trial Court relied principally upon *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980) for its conclusion. We have examined *Godfrey* and agree with the Trial Court. Indeed, on the merits, the Trial Judge had no choice. The United States Supreme Court, addressing the exact language of § 4209(e)(1)(n), although in a dissimilar context, stated: "There is nothing in these few words, standing alone, that implies any inherent restraint on the arbitrary and capricious infliction of the death sentence. A person of ordinary sensibility could fairly characterize almost every murder as 'outrageously or wantonly vile, horrible and inhuman'". *Godfrey,* 446 U.S. at 428–29, 100 S.Ct. at 1765, 64 L.Ed.2d at 406. This quotation clearly shows that the Trial Court's conclusion that the language was unconstitutionally vague was correct.

■ The State is also concerned about the procedure used by the Trial Court. In the State's view, the Trial Judge should have submitted the aggravating circumstance to the jury in a punishment hearing, received the jury's finding thereon and, if a death finding was returned, then entered its order as to the unconstitutionality of the statute, thus preserving all options for some appropriate mode of appellate review. There is much merit in the State's position and trial judges should be alert in various contexts to the need to make a record which permits appellate review. But we cannot say that the matter is in every case beyond the sound discretion of the trial judge. Viewing, as we think we must under the *Godfrey* case, the clear lack of merit of the State's position with regard to the aggravating circumstance in this case, we find this case appropriate for yielding to the Trial Judge's discretion which we also find was not abused.

In light of the foregoing, both complaints are hereby dismissed.