In the Matter of the Petition of
the STATE of Delaware for
a Writ of Mandamus.

Supreme Court of Delaware.

Submitted: Sept. 27, 1991.
Decided: Sept. 27, 1991.

Richard E. Fairbanks, Jr. (argued), Chief of Appeals Div., and Loren C. Meyers, Deputy Atty. Gen., Dept. of Justice, Wilmington.

Nancy Jane Perillo (argued), and John H. McDonald, Asst. Public Defenders, Public Defender's Office, Wilmington.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

PER CURIAM:

The Court has before it a petition that seeks to invoke its original jurisdiction for the purpose of issuing an extraordinary writ. Del.Const. Art. IV, Sec. 11; Supr. Ct.R. 43. The petition was filed by the State of Delaware and requests that this Court issue a writ of mandamus to the Superior Court. The underlying matter that gave rise to the present proceedings is a trial, which is currently in progress, in State of Delaware v. James E. Harris, Jr., ("Harris") Cr.A. Nos. IN90–08–0497 and 0498.

Two days ago, on September 25, 1991 a jury convicted Harris of Murder in the First Degree. The penalty phase of that trial is now scheduled to begin on September 30, 1991. The penalty phase of the Harris trial was postponed so that this Court could consider the State's petition for a writ of mandamus. This matter has proceeded on an expedited basis. Counsel have exchanged legal memoranda and this Court heard oral argument today.

The State indicated at the commencement of the Harris trial that, if Harris was convicted of murder in the first degree, it would seek to have the death penalty imposed. In anticipation of a penalty hearing for Harris, the State represented to the Superior Court that it intended to put into evidence "certain information regarding the effects this crime has had on the victim's children and on her surviving family members." Harris' attorney filed a motion to exclude such evidence. The Superior Court granted that motion and held that "victim impact evidence, unknown to or not reasonably foreseeable by the defendant, is not admissible in any penalty hearing" under Delaware's capital punishment statute. 11 *Del.C.* § 4209. The State contends that the Superior Court has misconstrued the Delaware capital punishment statute.

■ The peremptory writ of mandamus traditionally has been used only to confine a trial court "to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Bordley*, Del.Supr., 545 A.2d 619, 620 (1988) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). A writ of mandamus may issue from an appellate court to compel the performance of a statutory duty. *In re Pitt*, Del.Supr., 541 A.2d 554, 556 (1988). The State submits that the Superior Court's refusal to consider the merits of the admissibility of evidence relating to the impact of this crime on the victim's family is a refusal to perform a required statutory duty. *See id.*

■ The jurisdictional question presented to this Court is whether the Delaware capital punishment statute requires the Superior Court to consider the merits of admitting "victim impact" evidence during the penalty phase of a first degree murder trial. This is an important legal question of first impression. This Court has a unique role pursuant to the Delaware capital punishment statute, 11 *Del.C.* § 4209. This Court has previously considered a construction of the duty to act pursuant to that statute by the Superior Court, in the context of a mandamus proceeding, following a conviction of murder in the first degree and prior to a penalty hearing. *See In re Petition of State*, Del.Supr., 433 A.2d 325 (1981).

Before June 27, 1991, the answer to the question presented by the State's petition would have been in the negative, because the admission of "victim impact" evidence was precluded by the United States Constitution. *See Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987); *South Carolina v. Gathers*, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). On that date, however, the United States Supreme Court held that the introduction of "victim impact" evidence at a penalty hearing, following a conviction of murder in the first degree, does not violate the Eighth Amendment of the United States Constitution. *Payne v. Tennessee*, — U.S. —,

111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). Nevertheless, the Court did not mandate the introduction of such evidence. *Id.*

■ The Court held that "if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no *per se* bar." *Id.* at 2609. Consequently, the question presented by the State's petition for a writ of mandamus is, now that "victim impact" evidence is no longer barred from a penalty hearing as a matter of federal constitutional law, whether the Delaware capital punishment statute *permits* its admission. If it does, the merits of the admissibility of such evidence must be ruled upon by the Superior Court.

The Delaware death penalty statute provides, in part, that at the penalty hearing "evidence may be presented as to *any* matter that the Court deems relevant and admissible to the penalty to be imposed." 11 *Del.C.* § 4209(c)(1) (emphasis added). Delaware's capital punishment statute also requires that the jury "[u]nanimously recommend[ ], after weighing *all relevant evidence* in aggravation or mitigation which bears upon the *particular circumstances* or details of the commission of the offense and the character and propensities of the offender, that a sentence of death be imposed." 11 *Del.C.* § 4209(d)(1)b (emphasis added). The Delaware capital punishment statute has been construed by this Court on many prior occasions.

Thirteen years ago, this Court held that the Delaware capital punishment statute "permits *consideration* of *any* aggravating factors—but it requires at least *one statutory* aggravating factor to be *found* by the sentencing authority as a condition for imposing the death penalty." *State v. White*, Del.Supr., 395 A.2d 1082, 1088–89 (1978) (emphasis in original). This Court then went on to hold that there was no constitutional defect in the statutory procedure of allowing consideration of other aggravating circumstances. Such a procedure encourages attention to *all specific circumstances* of the crime and the defendant. *Id.* at 1089. More recently this Court held that "jurors were correctly per-

mitted to consider *any* factors that they determined were relevant to the sentencing stage, even if such factor had been deemed to be too vague to be used as a statutory aggravating circumstance." *Deputy v. State,* Del.Supr., 500 A.2d 581, 601 (1985) (emphasis added). Delaware has enacted a statutory scheme that expressly recognizes the relevancy of the impact of the crime upon the victim to the sentencing authority even in matters that proceed to immediate sentencing. 11 *Del.C.* § 4331.

The United States Supreme Court now has held that "[v]ictim impact evidence is simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question, evidence of a general type long considered by sentencing authorities." *Payne v. Tennessee,* 111 S.Ct. at 2608. The Court also has held that the *Booth* Court was wrong in stating that "victim impact" evidence leads to the arbitrary imposition of the death penalty, because in the majority of cases, "victim impact" evidence serves legitimate purposes. *Id.* at 2609. The United States Supreme Court has found that there is nothing unfair in allowing a jury to bear in mind the harm caused by the victim's death as an aggravating circumstance, at the same time that it considers the mitigating evidence introduced by the defendant. *Id.* at 2608–09. The Court's specific holding in *Payne* was that:

> if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no *per se* bar. A State may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed. There is no reason to treat such evidence differently than other relevant evidence is treated.

*Id.* at 2609.

The prior decisions of this Court clearly reflect a literal construction of the broad language in the Delaware death penalty statute that permits the presentation of evidence "as to any matter that the Court deems relevant and admissible to the penalty to be imposed." 11 *Del.C.* § 4209(c). *See Dawson v. State,* Del.Supr., 581 A.2d 1078, 1103 (1990); *Deputy v. State,* Del. Supr., 500 A.2d 581, 601 (1985); *State v. White,* Del.Supr., 395 A.2d 1082, 1088–89 (1978). "Victim impact" evidence has not been admitted into evidence in any court prior to *Payne* because of the federal constitutional bar. That bar has now been removed. Under the Delaware death penalty statute, there is no reason to treat victim impact evidence any differently than other relevant evidence is treated. *Payne v. Tennessee,* 111 S.Ct. at 2609. In the absence of a federal constitutional bar, the Delaware capital punishment statute requires the Superior Court to consider the merits of admitting such evidence.

Although the Delaware death penalty statute requires "victim impact" evidence to be considered by the Superior Court upon the merits, it does not require such evidence to be admitted into evidence at the penalty hearing. In fact, as the United States Supreme Court said, "[i]f, in a particular case, a witness' testimony or a prosecutor's remark so infects the sentencing proceeding as to render it fundamentally unfair, the defendant may seek appropriate relief under the Due Process Clause of the Fourteenth Amendment." *Id.* at 2612 (O'Connor, J., concurring).

We have concluded that the Superior Court's decision not to consider the merits of the admissibility of "victim impact" evidence during the penalty phase of the Harris trial was clearly erroneous. It is appropriate to issue a writ of mandamus to compel the Superior Court to perform its duty to consider such evidence, as required by the Delaware death penalty statute. Therefore, the State's petition for relief in the form of mandamus is GRANTED.

The Superior Court is directed to consider, on the merits, the admissibility at the Harris penalty hearing of evidence of the impact of the killing upon the victim's family, as aggravating evidence relating to the circumstances of the offense. 11 *Del.C.* § 4209. *See Deputy v. State,* 500 A.2d at 601; *State v. White,* 395 A.2d at 1088–90.

That consideration must be made by the Superior Court in accordance with the Delaware death penalty statute, the applicable rules of evidence, and any relevant state or federal constitutional requirements.

We wish to emphasize that our ruling today is made on a limited record without benefit of the precise "victim impact" testimony the State intends to offer. In directing the Superior Court to consider the merits of such testimony, we do not intend to foreclose the Superior Court from defining the relevancy of such testimony, or to foreclose, in any way, further review by this Court in any appeal.

The mandate shall issue forthwith.