### In the Matter of the Petition of Tyrone BROOKINS for a Writ of Mandamus.

#### No. 307, 1999.

Supreme Court of Delaware.

Submitted: July 23, 1999.
Decided: Aug. 18, 1999.

Tyrone Brookins, pro se, Smyrna, Delaware.

Loren C. Meyers, Department of Justice, Wilmington, Delaware, for the State of Delaware.

Before VEASEY, C.J., HOLLAND, and HARTNETT, JJ.

PER CURIAM:

This Court has before it the petition for a writ of mandamus filed by Tyrone Brookins ("Brookins"). An answer and a motion to dismiss the petition have been filed by the State of Delaware. We have concluded that Brookins' petition must be granted and a writ of mandamus issued to the Superior Court.

### Facts

More than fifteen years ago, a Superior Court jury convicted Brookins of first degree murder and related offenses. Brookins' convictions were affirmed by this Court on direct appeal.[1] Brookins subsequent applications for state postconviction and federal habeas relief were denied.[2]

On April 13, 1998, Brookins presented another motion for postconviction relief in the Superior Court by filing that motion in the proper office of its Clerk, the New Castle County Prothonotary. Brookins filed a motion for an evidentiary hearing on February 17, 1999. More recently, Brookins filed a motion for default judgment on June 22, 1999.

The Superior Court docket reflects that Brookins' motion for postconviction relief was not referred to a Superior Court judge by the New Castle County Prothonotary until April 14, 1999, **one year and one day after the motion was filed.** The Superior Court record in this case includes a memorandum dated April 14, 1999, from the New Castle County Prothonotary to the Criminal Office Judge. The memorandum states that a number of Motions for Postconviction Relief, including Brookins' motion, had "[fallen] through the cracks."

### Prothonotary Superior Court Clerk

The Prothonotary has always been the Clerk of the Superior Court. The Delaware Constitution was amended within the last few years, however, to make the Office of Prothonotary subject to the appointment and direct supervision of the Superior Court, rather than an independently elected position.[3] The recent amendment to the Delaware Constitution, which provides for the Superior Court to appoint a Prothonotary in each county to hold office at the pleasure of the Superior Court,[4] has made the Prothonotary an integral internal component of the Superior Court judicial system.

The action or inaction of the Prothonotary in each county now constitutes institutional conduct by the Superior Court. Brookins' petition for a writ of mandamus seeks an order from this Court compelling the Superior Court to act on his motion for postconviction relief. Brookins' petition also seeks to compel the Superior Court to act on his motions for an evidentiary hearing and for a default judgment.

1. *Lampkins v. State*, Del.Supr., 465 A.2d 785 (1983).

2. *Brookins v. State*, Del.Supr., No. 386, 1985, Christie, C.J., 1986 WL 16796 (May 1, 1986) (ORDER); *Brookins v. Redman*, D .Del., C.A. No. 84–318–WKS, Stapleton, C.J. (Nov. 26, 1984); *Brookins v. Redman*, D.Del, C.A. No. 86–226–JRR, Roth, J. (Sept. 10, 1986); *Brookins v. Redman*, D.Del., C.A. No. 87–434–JLL, Latchum, J. (Oct. 5, 1987).

3. Del. Const. art. IV, § 26.

4. Del. Const. art. IV, § 26

## Writ of Mandamus Character and Function

The character and function of a writ of mandamus in Delaware is the same that it was at common law.[5] The writ of mandamus is a command "issued by a court of law having competent jurisdiction, to an inferior or lower court, to a tribunal or board, or to a corporation or person, requiring the performance of some duty named therein, said duty being attached to the official position of the party to whom the writ is directed, or resulting from operation of law."[6] When a person seeks to compel the performance of some duty by mandamus proceedings, that person must show a clear right to have the duty performed and the unavailability of any other adequate remedy.[7]

The Delaware Constitution confers original jurisdiction on this Court to issue writs of mandamus to the Superior Court.[8] The Court will not issue a writ of mandamus "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[9] This Court will issue a writ of mandamus to a trial court only when the petitioner can show that there is the clear right to the performance of the duty at the time of the petition, no other adequate remedy is available, and the trial court has refused or failed to perform its duty.[10]

## Prothonotary Inaction Judicial Authority Unexercised Constitutes Institutional Failure

The Superior Court record reflects that Brookins' motion for postconviction relief was docketed by the New Castle County Prothonotary on April 13, 1998, but was not presented to an individual judge until April 14, 1999, more than a year after that motion was filed. The passage of four months since Brookins' motion was referred to a Superior Court judge is not evidence of the trial judge's arbitrary refusal or failure to rule on the motion. Nevertheless, Brookins has established that the Superior Court, as an institution, *failed* to act systematically when the New Castle County Prothonotary did not refer his postconviction motion to a judge for more than one year. Brookins' related motions for an evidentiary hearing and for default judgment also remain undecided.

Litigants in the Superior Court are required to file documents with the Prothonotary in each county because the Delaware Constitution makes that office the Clerk of the Superior Court. In its answer and motion to dismiss, the State argues that the lapse or passage of time, for more than one year from filing with the New Castle County Prothonotary until the referral to an individual judge of the Superior Court, is an insufficient "failure" to invoke the original writ jurisdiction of this Court. If that were the law, a litigant would be without any redress if the clerk of a trial court simply docketed a motion and never forwarded it to a judge for action.[11]

The Delaware Constitution makes it the concomitant responsibility of the Superior Court, as the appointing authority, to ensure that litigant's filings are presented by

5. *State ex rel. Lyons v. McDowell,* Del.Super., 57 A.2d 94, 97 (1947).

6. *Id.*

7. *Id.*

8. Del. Const. art. IV, § 11(5).

9. *In re Bordley,* Del.Supr., 545 A.2d 619, 620 (1988).

10. *In re Haskins,* Del.Supr., 551 A.2d 65, 66 (1988).

11. This Court is without jurisdiction to issue a writ of mandamus directly to the Prothonotary. *See In re Hitchens,* Del.Supr., 600 A.2d 37, 38 (1991).

the Prothonotary to a Superior Court judge in a timely manner. The Superior Court cannot exercise its authority until the litigants filings are presented to an individual judge. Unfortunately, this case is the third recent application to this Court for a writ of mandamus because of similar inaction by the New Castle County Prothonotary in referring a matter to an individual judge.[12]

The framers of the Delaware Constitution vested this Court with the original jurisdiction to issue writs of mandamus to the Superior Court, as a means of redress for litigants, when there is an institutional failure to respond or act within a reasonable amount of time.[13] The record of the New Castle County Prothonotary's inaction in this case reflects such a systematic failure by an officer of the Superior Court. Brookins is entitled to redress for the Superior Court's institutional failure to exercise its authority by considering Brookins' motions in a timely manner when it had a duty to do so.[14] Since there is no other adequate remedy, Brookins' petition for a writ of mandamus must be granted.[15]

### *Writ Issued*

Accordingly, Brookins' petition for a writ of mandamus is granted. The Clerk of this Court is directed to send this Opinion to the President Judge of the Superior Court, who should ascertain that all of Brookins' motions have been assigned for a final disposition by an individual judge of the Superior Court. The assigned judge should decide all of those motions on a priority basis and send the Clerk of this Court a copy of the final judgments that are entered.[16] Jurisdiction is retained until the Superior Court decides Brookins' pending motions. The writ shall issue immediately.

12. *In re Johnson*, Del.Supr., No. 210, 1999, 1999 WL 507237, Holland, J. (June 3, 1999) (ORDER) (declining to issue a writ of mandamus on the assumption that the failure in making a referral to a judge was aberrational conduct by the New Castle County Prothonotary); and *In re Knight*, Del.Supr., No. 349, 1999, Holland, J. (August 18, 1999) (ORDER) (issuing a writ of mandamus due to similar inaction by the New Castle County Prothonotary).

13. Del. Const. art. IV, 11(5).

14. *See Petition of State*, Del.Supr., 597 A.2d 1, 2 (1991).

15. *Id.*

16. This opinion does not express or imply any view as to the merits of Brookins' motions. We also do not suggest that Brookins' later motions would merit extraordinary relief in the absence of the Superior Court's institutional failure in referring his original motion for postconviction relief to a judge. To the extent Brookins has experienced inexcusable delay on his original motion, however, fundamental fairness requires that his later motions receive priority consideration.