IN THE MATTER OF THE PETITION OF EZEADIGO ODUCHE FOR A WRIT OF MANDAMUS[1]
No. 40, 2008.
Supreme Court of Delaware.
Submitted: January 31, 2008.
Decided: February 7, 2008.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 7th day of February 2008, it appears to the Court that:
(1) The petitioner, Ezeadigo Oduche, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[2] to compel the Superior Court to docket his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The State of Delaware has filed an answer requesting that Oduche's petition be dismissed. We find that Oduche's petition manifestly fails to invoke the original jurisdiction of the Court. Accordingly, the petition must be DISMISSED.
(2) In February 2007, Oduche pleaded guilty to Rape in the Fourth Degree. He was sentenced to 15 years of Level V incarceration, to be suspended for time served, followed by 6 months of Level IV Home Confinement, in turn to be followed by decreasing levels of supervision. The sentencing order also requires Oduche to register as a Tier 2 sex offender. In June 2007, Oduche's sentence was modified to change all of his Level IV time to 3 months at the Level IV VOP Center.
(3) Oduche contends that he sent correspondence and a motion for postconviction relief to the Prothonotary for filing, but that the Superior Court has not docketed those materials. The Superior Court docket, however, reflects that numerous copies of Oduche's motion were filed in the Superior Court in October, November, and December of 2007 and January of 2008 and that several letters from Oduche were filed in the Superior Court in October, November and December of 2007.
(4) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[3] As a condition precedent to the issuance of the writ, Oduche must demonstrate that: he has a clear right to the performance of the duty; no other adequate remedy is available; and the trial court has arbitrarily failed or refused to perform its duty.[4]
(5) Oduche has failed to demonstrate that the Superior Court has arbitrarily failed or refused to perform a duty owed to him. The Superior Court docket reflects that numerous copies of his motion, as well as correspondence, have been filed and await disposition by the Superior Court. Moreover, the passage of several weeks since the motion for postconviction relief was first filed does not reflect an arbitrary refusal or failure on the part of the Superior Court to rule on his motion.[5]
NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.
NOTES
[1] While the petitioner captions his filing as a Petition for a Rule 43 Extraordinary Writ, the substance of his petition reflects that mandamus is the remedy he seeks.
[2] Del. Const. art. IV, § 11(6); Supr. Ct. R. 43.
[3] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[4] Id.
[5] In re Brookins, 736 A.2d 204, 206 (Del. 1999).