IN THE MATTER OF THE PETITION OF JAMES W. RILEY FOR WRITS OF MANDAMUS AND PROHIBITION.
No. 210, 2008.
Supreme Court of Delaware.
Submitted: May 19, 2008
Decided: August 21, 2008
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice:
This 21st day of August 2008, upon consideration of the petition of James Riley for an extraordinary writ of mandamus and/or prohibition, it appears to the Court that:
(1) Riley seeks to invoke the original jurisdiction of this Court to issue writs of mandamus and prohibition to the Superior Court and the Attorney General's Office. The State of Delaware has filed a response and motion to dismiss Riley's petition. After careful review, we find that Riley's petition manifestly fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be DISMISSED.
(2) In 2003, a Superior Court jury convicted Riley of first degree felony murder, first degree robbery, and possession of a deadly weapon during the commission of a felony. Riley was acquitted of first degree intentional murder and second degree conspiracy. This Court affirmed Riley's convictions on direct appeal.[1] In August 2007, Riley filed a motion for sentence reduction or correction of an illegal sentence. In March 2008, he filed a motion for postconviction relief. The motions raise the same claim, namely that his felony murder conviction and sentence should be reversed based on the retroactive application of this Court's decisions in Williams v. State[2] and Chao v. State.[3] Both motions are pending before the Superior Court, which referred the postconviction relief motion to a Superior Court Commissioner for briefing and a recommendation.
(3) Riley asks that a writ of mandamus be issued to the Superior Court directing it to grant his motion for correction of sentence. He also asks that a writ of prohibition be issued to the Superior Court and the Attorney General to prohibit either from misapplying the law on felony murder as announced in this Court's prior decisions in Williams and Chao. To the extent Riley asks the Court to issue a writ directed to the Attorney General, we have no jurisdiction to do so. Our original jurisdiction under the Delaware Constitution is limited to the issuance of writs directed to the Superior Court or Court of Chancery or any judge thereof.[4]
(4) Moreover, a writ of prohibition directed to the Superior Court also is inappropriate under the circumstances. The purpose of a writ of prohibition is to keep a court within the limits of its own jurisdiction.[5] In this case, the Superior Court has jurisdiction to decide Riley's motion for correction of sentence and motion for postconviction relief.[6] To the extent that the Superior Court rules against Riley, he has an adequate and complete remedy in the appellate process to seek review of that ruling.[7]
(5) Similarly, this Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[8] An extraordinary writ will not be issued if the petitioner has another adequate and complete remedy at law to correct the act of the trial court that is alleged to be erroneous.[9] In this case, to the extent that the Superior Court denies Riley's motions, the appellate process will afford an adequate and complete remedy to review any alleged erroneous ruling.
NOW, THEREFORE, IT IS ORDERED that Riley's petition for writs of mandamus and prohibition is DISMISSED.
NOTES
[1] Riley v. State, 2004 WL 2850093 (Del. Oct. 20, 2004).
[2] 818 A.2d 906 (Del. 2003).
[3] 931 A.2d 1000 (Del. 2007).
[4] Del. Const. art. IV, § 11(5).
[5] In re Hovey, 545 A.2d 626, 628 (Del. 1988).
[6] See Del. Super. Ct. Crim. R. 35, 61 (2008); Del. Code Ann. tit. 11, § 2701(c) (2007).
[7] Id.
[8] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[9] Canaday v. Superior Court, 116 A.2d 678, 682 (Del. 1955).