IN THE MATTER OF THE PETITION OF JAMES PETHEL FOR A WRIT OF MANDAMUS
No. 397, 2009
Supreme Court of Delaware
Submitted: July 27, 2009
Decided: August 7, 2009
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice
This 7th day of August 2009, it appears to the Court that:
(1) The petitioner, James Pethel, an inmate at the James T. Vaughn Correctional Center, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to compel the Superior Court to grant his petition for a writ of habeas corpus and release him from custody. The State of Delaware has filed an answer requesting that Pethel's petition be dismissed. We find that Pethel's petition manifestly fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be DISMISSED.
(2) The record reflects that, in June 2006, the grand jury indicted Pethel, charging him with Arson in the Second Degree. Pethel, who was serving a sentence in Pennsylvania, waived extradition and was returned to Delaware for prosecution under the Interstate Agreement on Detainers.[2] Pethel subsequently pleaded guilty to Arson in the Second Degree and was sentenced to 7 years incarceration at Level V, to be suspended after 6 months for Level IV work release and decreasing levels of supervision. The effective date of Pethel's Level V sentence was March 8, 2007.[3]
(3) The record further reflects that, in October 2008, Pethel petitioned for state habeas corpus relief. The Superior Court denied Pethel's petition and this Court affirmed.[4] Pethel then filed a petition for a writ of mandamus in this Court, requesting that the Court reverse his conviction and order the Department of Correction ("DOC") to release him from custody. Finding that it had no authority to issue a writ of mandamus directly against the DOC and that a reversal of conviction is not an appropriate remedy in mandamus, this Court denied Pethel's petition.[5] Pethel then filed another petition for habeas corpus relief in the Superior Court, which was denied, culminating in the instant mandamus petition.[6]
(4) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[7] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that a) he has a clear right to the performance of the duty; b) no other adequate remedy is available; and c) the trial court has arbitrarily failed or refused to perform its duty.[8]
(5) Because the Superior Court already has ruled on Pethel's habeas petition, his mandamus petition in this Court is moot. Moreover, Pethel has failed to demonstrate that the Superior Court owes him a duty that it has failed to perform or that his request for vacation of his sentence is properly cognizable in mandamus. As such, we conclude that there is no basis for the issuance of a writ of mandamus in this case.
NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.
NOTES
[1] Del. Const. art. IV, § 11(6); Supr. Ct. R. 43.
[2] Del. Code Ann. tit. 11, § 2540 et seq.
[3] That was the date Pethel was originally incarcerated in Pennsylvania. As such, the Superior Court sentencing order effectively gave Pethel credit, not only for the time he served in Delaware while waiting to be sentenced, but also for the time he served in Pennsylvania.
[4] Pethel v. State, Del. Supr., No. 577, 2008, Ridgely, J. (Apr. 6, 2009) (holding that Pethel had not demonstrated either that he was being held pursuant to an invalid commitment or that the Superior Court lacked jurisdiction to accept his guilty plea and impose sentence).
[5] Pethel v. State, Del. Supr., No. 169, 2009, Holland, J. (Apr. 21, 2009).
[6] The record reflects that Pethel's second petition for a writ of habeas corpus was denied by the Superior Court on June 2, 2009. Pethel's mandamus petition was filed in this Court on July 10, 2009, after the Superior Court had already ruled on his habeas petition.
[7] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[8] Id.; In re Brookins, 736 A.2d 204, 206 (Del. 1999).