IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MILTON E. TAYLOR | § | |
| | § | No. 677, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID No. 0003016874 |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: August 7, 2015
Decided: August 26, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 26th day of August, 2015, it appears to the Court as follows:

(1)     This Court affirmed the Superior Court's denial of Taylor's first motion for post-conviction relief.[1] Thereafter, the Superior Court issued a new execution date for Taylor, in compliance with Superior Court Criminal Rule 61(*l*)(6) and Delaware Supreme Court Administrative Directive No. 131.

(2)     On February 10, 2012, Taylor moved for, and the United States District Court for the District of Delaware granted, a stay of his execution pursuant to 28 U.S.C. § 2251 in order to pursue federal habeas relief.[2] In June 2013, Taylor

---

[1] *Taylor v. State*, 32 A.3d 374 (Del. 2011).
[2] Stay Order, *Taylor v. Danberg*, No. 11-1251-GMS (D. Del. Feb. 10, 2012).

filed an amended petition for a writ of habeas corpus in the District Court, which the State answered. After receiving a 120-day extension of time, Taylor moved the District Court to stay and hold in abeyance his federal proceedings to allow him to return to State court to exhaust his claims. The District Court granted Taylor's motion,[3] and the State's appeal of that decision is now pending in the United States Court of Appeals for the Third Circuit.[4]

(3)     On November 26, 2014, Taylor filed a second motion for post-conviction relief in the Superior Court. The Superior Court rejected the filing, asserting that because the habeas case is pending in federal court and under a stay order issued by that court, the Superior Court "does not have authority to consider it further."[5]

(4)     On December 5, 2014, Taylor filed his notice of appeal from Superior Court's November 26, 2014 order. The same day, this Court issued a notice to show cause why the matter should not be dismissed pursuant to Supreme Court Rule 29(b) based upon this Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal proceeding. Both Taylor and the State have addressed the notice to show cause.

---

[3] Order, *Taylor v. Danberg*, No. 11-1251-GMS (D. Del. Apr. 14, 2014).
[4] *Taylor v. Comm'r Del. Dep't of Corr.*, No. 14-9000 (3d Cir.).
[5] *State v. Taylor*, No. 003016874, ¶ 3 (Del. Super. Ct. Nov. 26, 2014).

2

(5) The original question posited by this Court's rule to show cause was whether this matter should be dismissed based upon this Court's lack of jurisdiction to entertain a criminal interlocutory appeal.[6]

(6) Taylor argues that the November 26 Superior Court order is a final judgment because it resolved the only question at issue, whether he could initiate a successive post-conviction proceeding. According to Taylor, with his second post-conviction motion rejected for filing, there was no action pending before the Superior Court, nothing left to decide and, therefore, nothing from which he could have taken an interlocutory appeal.

(7) The Superior Court's refusal to file Taylor's motion is not a final judgment in a criminal proceeding. In fact, it is not even an interlocutory ruling because the rejection of Taylor's proposed successive post-conviction filing meant that no proceeding was even commenced or docketed in the Superior Court. If Taylor wants to challenge the Superior Court's rejection of his filing, the proper course of action is to seek a writ of mandamus.

(8) The Delaware Constitution confers original jurisdiction on this Court to issue writs of mandamus to the Superior Court.[7] We note, however, that this Court will not issue a writ of mandamus "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the

---

[6] *Rash v. State*, 318 A.2d 603, 604 (Del. 1974).
[7] DEL. CONST. art. IV, § 11(5).

3

control of its docket."[8] Rather, this Court will issue a writ of mandamus to a trial court only when the petitioner can show that there is the "clear right to the performance of the duty at the time of the petition, no other adequate remedy is available, and the trial court has refused or failed to perform its duty."[9]

NOW, THEREFORE, IT IS HEREBY ORDERED that this matter is DISMISSED.

BY THE COURT:

_Randy J Holland_
Justice

---

[8] *In re Brookins*, 736 A.2d 204, 206 (Del. 1999) (citing *In re Bordley*, 545 A.2d 619, 620 (Del. 1988)).

[9] *Id.* (citing *In re Haskins*, 551 A.2d 65, 66 (Del. 1988)).