IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF DIAMONTE | § No. 432, 2023 |
| TAYLOR FOR A WRIT OF | § |
| MANDAMUS | § |

Submitted: December 2, 2023
Decided: December 5, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the petition for a writ of mandamus, the motion to stay, and the motion to expedite, it appears to the Court that:

(1) The petitioner, Diamonte Taylor, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus directing the Superior Court to review its denial of his motion to suppress and to exclude all evidence collected from his smartphones at his second trial that was scheduled to begin on December 4, 2023. For the reasons set forth below, the petition is dismissed.[1]

(2) In 2016, a grand jury indicted Taylor for multiple crimes including first-degree murder. Taylor filed a motion to suppress evidence from his smartphones that he contended was collected under an unconstitutional search warrant. After the

---

[1] Normally the State would be expected to respond the petition under Supreme Court Rule 43(b)(ii), but in light of the trial schedule and the jurisdictional defects on the face of the petition, the Court is dismissing the petition *sua sponte* under Rule 29(c).

Superior Court denied Taylor's motion to suppress, a jury found Taylor guilty of some of the charges, including first-degree murder. On appeal to this Court, Taylor argued, among other things, that the Superior Court erred in denying his motion to suppress. This Court agreed, holding that the search warrant was an unconstitutional general warrant and that the "Superior Court should have granted Taylor's motion to suppress all evidence from the search of his smartphones."[2] We reversed the Superior Court's judgment, vacated Taylor's convictions, and remanded for a new trial consistent with our opinion.[3]

(3) On remand to the Superior Court, the State filed an application for a second search warrant targeting Taylor's smartphones. The Superior Court granted the application and issued the search warrant. Trial was scheduled to commence on December 4, 2023. On March 27, 2023, Taylor filed a motion to suppress evidence seized from his smartphones under the second search warrant. He argued that the Court's September 2021 decision required the exclusion of this evidence in its entirety. After briefing, oral argument, and supplemental submissions, the Superior Court advised the parties on November 9, 2023 that it would be denying the motion to suppress and issuing a written opinion with its rationale as soon as it was completed. The Superior Court issued its written opinion on November 28, 2023.

---

[2] *Taylor v. State*, 260 A.3d 602, 615-19 (Del. 2021). The Court did not address Taylor's argument that the search warrant was unsupported by probable cause. *Id.* at 615.
[3] *Id.* at 619.

That same day the Superior Court denied Taylor's motion to stay the Superior Court proceedings. According to the Superior Court docket, the jury was selected on November 30, 2023 and to be sworn on December 4, 2023.

(4) On November 27, 2023, Taylor filed a petition for a writ of mandamus in this Court. Taylor did not file a motion to expedite the mandamus proceedings. Under Supreme Court Rule 43(b)(ii), the State's response to the petition was not due for twenty days. On Saturday, December 2nd, at 4:58 p.m., Taylor finally filed a motion to expedite the mandamus proceedings. He also filed a motion to stay the Superior Court proceedings with trial scheduled to start in less than forty-eight hours.

(5) In Taylor's petition for a writ of mandamus, he essentially asks this Court to review and reverse the Superior Court's interlocutory decision denying his motion to suppress and to direct the Superior Court to exclude evidence seized from his smartphones under the second search warrant. Under the Delaware Constitution, the Court "does not have jurisdiction to hear an interlocutory appeal in a criminal case."[4] The Court has regularly rejected the "use of a writ of mandamus as a means of reviewing an interlocutory ruling" in criminal cases.[5]

---

[4] *Gannett Co. v. State*, 565 A.2d 895, 899 (Del. 1989). *See also* Del. Const. art. IV, § 11(1)(b).
[5] *Normal v. State ex rel. Bove*, 177 A.2d 347, 348 (Del. 1962) (dismissing petition for a writ of mandamus directing the Superior Court to quash indictments pending against the petitioner). *See also In re Cannon*, 2018 WL 1376936, at *1 (Del. Mar. 16, 2018) (holding that the petitioner could not use the extraordinary writ process to overcome the Court's lack of jurisdiction "to review an interlocutory order in a criminal case"); *In re Shockley*, 2005 WL 2475731, at *2 (Del. Aug. 16,

3

(6) In addition, the petition fails to satisfy all of the criteria for issuance of a writ of mandamus. A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[6] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[7] Contrary to Taylor's contentions, he has an adequate remedy in the appellate review process.[8] If he is convicted after trial, he can raise the denial of his motion to suppress on appeal to this Court.

---

2005) (rejecting the petitioner's request in a mandamus proceeding to review the Superior Court's denial of his motion to compel as seeking impermissible review of an interlocutory order in a criminal case); *In re Claudio*, 2001 WL 117986, at *1 (Del. Jan. 30, 2001) (holding the petitioner could not "through mandamus, circumvent the constitutional prohibition against interlocutory appeals in criminal cases"); *In re Middlebrook*, 2000 WL 975060, at *1 (Del. May 30, 2000) ("Mandamus may not be used under any circumstances, however, to review interlocutory orders in criminal cases."); *In re Briley*, 1992 WL 219070, at *3 (Del. Aug. 21, 1992) (holding that there was no basis for issuance of a mandamus reviewing the Superior Court's denial of the motion to withdraw filed by the petitioner's counsel because the petitioner was seeking to use the petition as an improper substitute for direct review of an interlocutory ruling); *Cook v. State*, 1985 WL 14162, at *1 (Del. Sept. 5, 1985) ("Moreover, a Writ of Mandamus cannot be used as a means of reviewing an interlocutory ruling of the Superior Court in criminal cases."). In *Petition of State*, this Court granted the State's petition for a writ of mandamus during the penalty phase of a death penalty case based on the Superior Court's refusal to consider the merits of the admissibility of victim impact evidence as required by Delaware's capital punishment statute. 597 A.2d 1 (Del. 1991). The unusual circumstances of that case are not present here.

[6] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[7] *Id.*

[8] *See, e.g., In re Biggins*, 2022 WL 2813766, at *1 (Del. July 18, 2022) (dismissing petition for a writ of mandamus regarding the Superior Court's granting of motion to dismiss because the petitioner could appeal the Superior Court's decision to this Court); *In re Riley*, 2008 WL 3873434, at *1 (Del. Aug. 21, 2008) (dismissing petition for a writ of mandamus where the petitioner would

(7)    In dismissing Taylor's petition for a writ of mandamus, we wish to make it clear that we are not passing upon the merits of the Superior Court's denial of the motion to suppress.  The petition raises important constitutional issues that are similar, but not identical to, those recently addressed by a divided court sitting *en banc* in *Garnett v. State*.[9]  This order does not address those issues, including whether the admission of evidence seized from Taylor's smartphones is barred by this Court's September 2021 opinion in *Taylor v. State*.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that the petition for the issuance of a writ of mandamus is DISMISSED.  The motion to stay and motion to expedite are both MOOT.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

have an adequate remedy in the appellate review process if the Superior Court denied his motions for sentence correction and postconviction relief); *In re Reeder*, 2001 WL 1636552, at *1 (Del. Dec. 10, 2001) (dismissing petition for a writ of mandamus challenging the Superior Court's denial of motion to suppress where the petitioner previously had an adequate remedy to challenge that denial on direct appeal).

[9] 2023 WL 6987145 (Del. Oct. 24, 2023).