IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE       §
PETITION OF JAMES W. RILEY    §   No. 363, 2025
FOR A WRIT OF PROHIBITION    §

Submitted:   September 29, 2025
Decided:     October 30, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the petition for a writ of prohibition, the motion for appointment of counsel, and the State's answer and motion to dismiss the petition, it appears to the Court that:

(1) In 1982, James W. Riley was convicted of two counts of first-degree murder (intentional and felony) and related charges.[1] This Court affirmed the convictions on direct appeal.[2] In 2001, the United States Court of Appeals for the Third Circuit reversed Riley's convictions and ordered a new trial.[3]

(2) At the conclusion of the 2003 retrial, a Superior Court jury found Riley guilty of first-degree felony murder under 11 *Del. C.* § 636(a)(2), first-degree robbery, and possession of a deadly weapon during the commission of a felony. The jury found Riley not guilty of first-degree intentional murder and second-degree conspiracy. The Superior Court sentenced Riley to life imprisonment plus twenty-five years of

---

[1] We take judicial notice of the docket in *State v. Riley*, Criminal ID No. 0004014504.
[2] *Riley v. State*, 496 A.2d 997 (Del. 1985).
[3] *Riley v. Taylor*, 277 F.3d 261 (3d Cir. 2001).

incarceration. This Court affirmed Riley's convictions on direct appeal.[4] Riley subsequently filed multiple unsuccessful motions and petitions related to his convictions and sentence.[5]

(3) Riley now seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 to issue a writ of prohibition. Riley also filed a motion for appointment of counsel, but he has not established any basis for the appointment of counsel in this matter. Riley argues that he is entitled to a writ of prohibition because the Superior Court lacks jurisdiction over the non-existent crime of first-degree felony murder. The State has filed an answer and motion to dismiss the petition.

(4) A writ of prohibition is the legal equivalent of the equitable remedy of an injunction.[6] Its purpose is to keep a trial court within the limits of its jurisdiction.[7] When invoking this Court's original jurisdiction to issue a writ of prohibition, the petitioner bears the burden of establishing clear entitlement to the relief sought and that no other adequate remedy is available.[8]

---

[4] *Riley v. State*, 867 A.2d 902, 2004 WL 2850093 (Del. Oct. 20, 2004) (TABLE).

[5] *See, e.g.*, *Riley v. State*, 278 A.3d 1147, 2022 WL 2092548 (Del. June 9, 2022) (TABLE) (affirming the Superior Court's summary dismissal of Riley's third motion for postconviction relief under Superior Court Criminal Rule 61); *Riley v. State*, 216 A.3d 868, 2019 WL 3956411 (Del. Aug. 21, 2019) (TABLE) (affirming the Superior Court's denial of Riley's motion for correction of an illegal sentence); *In re Riley*, 957 A.2d 2, 2008 WL 3873434 (Del. Aug. 21 2008) (TABLE) (dismissing Riley's petition for writs of mandamus and prohibition).

[6] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).

[7] *Id.*

[8] *Id.*

2

(5)     Riley has not shown clear entitlement to a writ of prohibition.  The Superior Court has jurisdiction over all the crimes for which Riley was convicted, including the crime of first-degree felony murder.[9]  In addition, Riley has failed to demonstrate the lack of an alternative remedy because he could have raised his arguments concerning first-degree felony murder on direct appeal.

NOW, THEREFORE, IT IS ORDERED that the motion for appointment of counsel is DENIED and the State's motion to dismiss is GRANTED.  The petition for a writ of prohibition is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[9] *See* 11 *Del. C.* § 636(a)(2) (defining first-degree felony murder); 11 *Del. C.* § 2701(c) ("The Superior Court shall have jurisdiction, original and concurrent, over all crimes, except where jurisdiction is exclusively vested in another court.").  *See also Riley*, 2008 WL 3873434, at *1 (dismissing Riley's petition for a writ of prohibition because the Superior Court had jurisdiction over his postconviction motions challenging his felony murder conviction and sentence).