IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF CANDIDO ANTONIO FELIX REYNOLDS FOR A WRIT OF MANDAMUS AND/OR PROHIBITION | § § No. 226, 2026 § § § |

Submitted: June 3, 2026
Decided: June 5, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the petition for a writ of mandamus and/or prohibition, the motion to stay the trial, and the motion for the immediate preparation of transcripts, it appears to the Court that:

(1)    The petitioner, Candido Antonio Felix Reynolds, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus and/or prohibition directing the Superior Court to reverse or vacate the denial of his motion to suppress. He has also moved to stay the trial scheduled for June 8, 2026 and for immediate preparation of transcripts. For the reasons set forth below, the petition is dismissed.[1]

---

[1] Normally the State would be expected to respond the petition under Supreme Court Rule 43(b)(ii), but in light of the trial schedule and the jurisdictional defects on the face of the petition, the Court is dismissing the petition *sua sponte* under Rule 29(c).

(2)     In May 2025, a grand jury indicted Reynolds for drug dealing, third-degree vehicular assault, reckless driving, and other traffic offenses. The Superior Court granted Reynolds' motion to proceed pro se. In April 2026, Reynolds filed a motion to suppress, arguing that the traffic stop leading to his arrest was unlawful. At the conclusion of the May 14, 2026 hearing on the motion to suppress, the Superior Court denied the motion in a bench ruling. The Superior Court has subsequently denied Reynolds' motions to dismiss, to continue the trial, to disqualify the judge, and for expedited preparation of transcripts.

(3)     On June 3, 2026, Reynolds filed a petition for a writ of mandamus and/or prohibition in this Court. In the petition, Reynolds essentially asks this Court to review and reverse the Superior Court's interlocutory decision denying his motion to suppress. Under the Delaware Constitution, the Court "does not have jurisdiction to hear an interlocutory appeal in a criminal case."[2] The Court has regularly rejected the use of a "writ of mandamus as a means of reviewing an interlocutory ruling" in criminal cases.[3]

---

[2] *Gannett Co. v. State*, 565 A.2d 895, 899 (Del. 1989). *See also* Del. Const. art. IV, § 11(1)(b).

[3] *Normal v. State ex rel. Bove*, 177 A.2d 347, 348 (Del. 1962) (dismissing petition for a writ of mandamus directing the Superior Court to quash indictments pending against the petitioner). *See also In re Taylor*, 309 A.3d 424, 2023 WL 8379200, at *2 (Del. Dec. 5, 2023) (TABLE) (dismissing petition for a writ of mandamus seeking reversal of the Superior Court's denial of a motion to suppress); *In re Cannon*, 183 A.3d 716, 2018 WL 1376936, at *1 (Del. Mar. 16, 2018) (TABLE) (holding that the petitioner could not use the extraordinary writ process to overcome the Court's lack of jurisdiction "to review an interlocutory order in a criminal case").

(4)     In addition, the petition fails to satisfy all of the criteria for issuance of a writ of mandamus or prohibition. A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[4] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[5] Contrary to Reynolds' contentions, he has an adequate remedy in the appellate review process.[6] If he is convicted after trial, he can raise the denial of his motion to suppress on appeal to this Court.

(5)     "A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is

---

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[5] *Id.*

[6] *See, e.g., In re Biggins*, 281 A.3d 565, 2022 WL 2813766, at *1 (Del. July 18, 2022) (TABLE) (dismissing petition for a writ of mandamus regarding the Superior Court's granting of motion to dismiss because the petitioner could appeal the Superior Court's decision to this Court); *In re Riley*, 957 A.2d 2, 2008 WL 3873434, at *1 (Del. Aug. 21, 2008) (TABLE) (dismissing petition for a writ of mandamus where the petitioner would have an adequate remedy in the appellate review process if the Superior Court denied his motions for sentence correction and postconviction relief); *In re Reeder*, 2001 WL 1636552, at *1 (Del. Dec. 10, 2001) (TABLE) (dismissing petition for a writ of mandamus challenging the Superior Court's denial of motion to suppress where the petitioner previously had an adequate remedy to challenge that denial on direct appeal).

properly before it."[7] The petitioner must demonstrate, by clear and convincing that the lower court is without jurisdiction or is attempting to exceed its jurisdiction.[8] A writ of prohibition will not issue "if the petitioner has another adequate and complete remedy at law to correct the act of the trial court which is alleged to be erroneous."[9]

(6) Reynolds has not shown any jurisdictional defect. And as previously discussed, he has an adequate remedy in the appellate review process.[10] Reynolds cannot establish any basis for issuance of a writ of mandamus or prohibition.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that the petition for the issuance of a writ of mandamus and/or prohibition is DISMISSED. The motion to stay and motion for immediate preparation of transcripts are both MOOT.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[7] *In re Smith*, 2026 WL 279902, at *1 (Del. Feb. 2, 2026) (TABLE).

[8] *In re Hovey*, 545 A.2d 626, 628 (Del. 1988).

[9] *Id.*

[10] *See supra* ¶ 4.