**In the Matter of a Petition For a Writ of Mandamus By Carl J. HASKINS, Jr.**

Supreme Court of Delaware.

Submitted: Nov. 21, 1988.
Decided: Nov. 28, 1988.

Carl J. Haskins, Jr., Georgetown, pro se.

Richard E. Fairbanks, Jr., Deputy Atty. Gen., Wilmington, for respondent.

Before CHRISTIE, C.J., and WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This Court has before it, a *pro se* petition for a writ of mandamus from Carl J. Has-

kins, Jr. ("Haskins"). In his petition, Haskins requests this Court to compel the Superior Court to hear various *pro se* motions that he has filed. The State has filed an answer and a motion to dismiss Haskins' petition.

Haskins is presently awaiting retrial in the Superior Court on two charges of first degree rape and one charge of attempted first degree rape. The Superior Court's docket indicates that an attorney has been appointed to represent Haskins. No date has been set for Haskins' trial, pending the resolution of certain pretrial motions that have been filed by Haskins' attorney. The Superior Court is also waiting to receive the results of a psychological examination that has been ordered to determine Haskins' mental competence to stand trial.

■ Haskins has petitioned this Court to compel the Superior Court to act on his *pro se* motions seeking (1) a stay; (2) a bail reduction; (3) to "rescind/vacate" an unidentified order; (4) to quash two counts of the indictment; and (5) to quash all counts of the indictment. This Court has original jurisdiction to issue extraordinary writs. Del. Const. art. IV § 11(6); Supr.Ct.R. 43. However, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function in the absence of a clear showing of an arbitrary refusal or failure to act. *In re Bordley's Petition for Writ of Mandamus*, Del. Supr., 545 A.2d 619 (1988). In this case, Haskins has failed to demonstrate an arbitrary refusal or failure to act. Therefore, his motion for a writ of mandamus must be dismissed.

■ However, there is an alternative independent and equally fundamental basis for dismissing Haskins' *pro se* petition in this Court. The Superior Court had no duty to consider Haskins' *pro se* motions. A defendant in a criminal proceeding has the right to the assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct.

792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). A defendant also has the right to represent himself in a criminal proceeding. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, a defendant in a criminal proceeding cannot assert both rights simultaneously, i.e., does not have the *right* to "hybrid representation." *Hooks v. State*, Del. Supr., 416 A.2d 189, 197–99 (1980); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978).[1]

Hybrid representation occurs when a defendant conducts a portion of his case and his attorney conducts the balance. *Id.; see also United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir.1986). The decision to allow a criminal defendant to participate in his own defense, along with his counsel, in "hybrid representation" is a matter committed to the sound discretion of the trial court. *Hooks v. State*, 416 A.2d at 199. *See e.g., United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 129, 98 L.Ed.2d 87 (1987); *United States v. Norris*, 780 F.2d at 1211; *United States v. Tucker*, 773 F.2d 136, 141 (7th Cir.1985), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3338, 92 L.Ed.2d 742 (1986); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed. 2d 177 (1976); *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir.1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed. 2d 182 (1976). A criminal defendant who is represented by counsel has no *right* to participate *pro se* as co-counsel. *Hooks v. State*, 416 A.2d at 198; *United States v. Zielie*, 734 F.2d 1447, 1454 (11th Cir.1984), *cert. denied*, 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985).

In this case, Haskins is represented by an attorney. Haskins has neither requested nor been granted the discretionary opportunity to participate in his own repre-

---

1. If a defendant elects the right to self-representation, the Court may appoint standby counsel to advise the *pro se* defendant. *See Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975); *Johnstone v.*

*Kelly*, 808 F.2d 214, 216 (2d Cir.1986), *recall of mandate denied*, 812 F.2d 821 (2d Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987).

sentation. At this time, Haskins' represen-tation in the Superior Court rests exclusive-ly with his court-appointed attorney. Therefore, only that attorney is permitted to act in the Superior Court upon Haskins' behalf.

The State's motion is granted and pursu-ant to Supreme Court Rule 29(b), Haskin's *pro se* petition for a writ of mandamus is DISMISSED.