SAMUEL H. McGLOTTEN Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 84, 2008.
Supreme Court of Delaware.
Submitted: September 19, 2008.
Decided: December 22, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY Justice.
This 22nd day of December 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) A Superior Court jury found the appellant, Samuel H. McGlotten, guilty as charged of Possession with Intent to Deliver Cocaine, Trafficking in Cocaine, Maintaining a Vehicle for Keeping Controlled Substances, and Possession of Drug Paraphernalia. The Superior Court sentenced McGlotten to a total of forty-five years at Level V imprisonment suspended after twenty-five years (including a total of five years minimum mandatory) for six months at Level IV supervision followed by probation. This is McGlotten's direct appeal.
(2) On appeal, McGlotten's counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed McGlotten of the provisions of Rule 26(c) and provided him with a copy of the complete trial transcript, motion to withdraw and the accompanying brief and appendix. McGlotten also was informed of his right to supplement Counsel's presentation. McGlotten sent a letter to Counsel raising several issues for this Court's consideration. The State has responded to the position taken by McGlotten and Counsel and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold, First, the Court must be satisfied that Counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(4) McGlotten's written points raise the following issues: (a) insufficiency of evidence/credibility of witnesses, (b) "untimely discovery," (c) denial of pro se motions, (d) denial of right to testify, (e) ill-timed jury instructions, and (f) prosecutorial leniency for State's witness. Each of McGlotten's points is without merit.
(5) McGlotten challenges the sufficiency of the evidence to prove the element of "possession." McGlotten also claims that certain State witnesses made false or contradictory statements under oath.
(6) When a defendant challenges the sufficiency of the evidence, this Court must review whether a jury viewing the evidence in the light most favorable to the prosecution could find beyond a reasonable doubt the existence of every element of the offenses charged.[3] Moreover, the jury is solely responsible for determining the credibility of witnesses.[4]
(7) The record reflects that the State presented sufficient evidence from which the jury could have found McGlotten guilty beyond a reasonable doubt of the crimes for which he was charged and convicted.[5] Counsel was free to exploit any alleged inconsistencies in the witnesses' statements.
(8) McGlotten's second claim is that the Superior Court erred when allowing the State "to introduce a tape and forensic lab report outside of the discovery deadline set by the Court." McGlotten does not specify the facts upon which he bases his claim. The record reflects, however, that the State, during its case-in-chief, offered into evidence a previously undisclosed recording of McGlotten's interview with police. When Counsel objected, claiming that the recording was discoverable and should have been disclosed by the prosecution, the Superior Court directed that the prosecutor provide the recording to Counsel, who listened to the recording during a recess. When the proceedings resumed, Counsel withdrew his objection to the recording, having determined that the defense suffered no prejudice as a result of the delay in the disclosure of the recording.[6] McGlotten has not alleged, nor does the record reflect, that an earlier disclosure of the recording would have resulted in a different outcome at trial.[7] The Superior Court acted well within its discretion in resolving this discovery matter.
(9) McGlotten claims that the Superior Court should have considered the merit of his pro se motions to compel and to suppress. Nonetheless, the record reflects that the Superior Court properly refused to consider McGlotten's motions when he was represented by counsel.[8]
(10) McGlotten claims that the Superior Court denied him his right to testify on his own behalf. McGlotten has cited no facts in support of his claim, and there is nothing in the record to support any inference that the Superior Court interfered with his right to testify.[9] McGlotten's conclusory claim is without merit.
(11) McGlotten claims that the Superior Court erred when instructing the jury prior to closing arguments. McGlotten's claim is without merit. "The manner in which jury instructions are given, including the timing, is a matter within the sound discretion of the trial court."[10] McGlotten did not object to the timing of the Superior Court's jury instructions, and he has offered no explanation of how the timing of the instructions amounted to error.
(12) McGlotten alleges that, at the time of trial, the State intended to offer leniency to a State's witness, who was also the subject of a drug investigation, in exchange for that witness' testimony against McGlotten. According to McGlotten, the State purposely concealed its intention, thereby prejudicing McGlotten by denying him the opportunity to cross-examine the witness on this point. McGlotten's claim is without merit. The record reflects that on cross-examination, Counsel highlighted the possibility that the witness may have been testifying against McGlotten with hopes of obtaining a favorable plea agreement.
(13) The Court has reviewed the record carefully and has concluded that McGlotten's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel made a conscientious effort to examine the record and properly determined that McGlotten could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Id.
[3] Barnett v. State, 691 A.2d 614, 618 (Del. 1997) (citing Morrissey v. State, 620 A.2d 207, 213 (Del. 1993)).
[4] Pryor v. State, 453 A.2d 98, 100 (Del. 1982).
[5] The trial evidence reflects that the police located a substance, which was later determined to be a total of 40.06 grams of crack cocaine, on the ground outside of McGlotten's car in the exact spot where McGlotten had been standing. The substance was packaged in plastic baggies.
[6] Trial Tr. at 72-4 (Dec. 12, 2007).
[7] See Cintron v. State, 2000 WL 201203 (citing U.S. v. Bagley, 473 U.S. 667, 682 (1985)).
[8] See In re Haskins, 551 A.2d 65, 66 (Del. 1988) (holding that a defendant does not have a right to hybrid representation).
[9] The trial transcript reflects the following at the close of the State's case-in-chief:

THE COURT: Is the State finished its case?
[PROSECUTOR]: Yes, Your Honor.
THE COURT: The defense?
[COUNSEL]: The defense has no witnesses.
Trial Tr. at 162 (Dec. 12, 2007).
[10] Maxion v. State, 1992 WL 183093 (Del. Supr.).