IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF MILTON E. TAYLOR | § | No. 488, 2015 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: June 15, 2016
Decided: June 22, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en banc*.

Upon the Petition for a Writ of Mandamus. **GRANTED**.

Herbert W. Mondros, Esquire, Margolis Edelstein, Wilmington, Delaware, for Petitioner Milton E. Taylor.

Elizabeth R. McFarlan, Esquire, Department of Justice, Wilmington, Delaware, for Respondent State of Delaware.

**SEITZ**, Justice:

## I. INTRODUCTION

Milton Taylor was sentenced to death in 2001. His pending petition requests this Court to issue a writ of mandamus directing the Superior Court to docket his second motion for postconviction relief under Superior Court Criminal Rule 61. The State concedes that the writ should be issued. After careful consideration, we hold that the Superior Court erroneously concluded that it lacked jurisdiction to act in Taylor's case because of a stay of execution order entered by the United States District Court for the District of Delaware ("the District Court"). Under the circumstances, we shall issue the writ directing the Superior Court to vacate its November 2014 order, refusing to docket Taylor's second postconviction motion. Taylor should be allowed to file his Rule 61 motion without any preconditions related to the federal court proceedings.

## II. FACTS AND PROCEDURAL HISTORY

A Superior Court jury found Taylor guilty in March 2001 of Murder in the First Degree. By a vote of 10-2, the jury recommended that Taylor be sentenced to death. On July 5, 2001, the Superior Court accepted the jury's recommendation and imposed a death sentence. This Court affirmed Taylor's conviction and sentence on direct appeal.[1] In March 2006, Taylor filed his first motion for

---

[1] *Taylor v. State*, 822 A.2d 1052 (Del. 2003).

postconviction relief under Rule 61. The Superior Court denied that motion,[2] and we affirmed.[3] After the Superior Court set a new execution date, Taylor filed a motion in the District Court requesting to stay his execution so he could pursue federal habeas corpus relief. The District Court granted Taylor's motion for a stay of execution on February 10, 2012.[4] After he filed an amended petition for habeas corpus in the District Court, Taylor requested to stay the federal habeas proceedings and to return to state court to exhaust his claims. The District Court granted that motion to stay the federal proceedings on April 14, 2014.[5]

In November 2014, Taylor attempted to file his second motion for postconviction relief in the Superior Court. The brief in support of his motion was 182 pages long. The Superior Court rejected the filing, noting that "[a]s far as the court knows, this case is pending in the federal district court and this court does not have authority to consider it further."[6] The Superior Court informed the parties that it would not undertake further review of Taylor's case "until the State submits an order lifting the stay[,]"[7] and that upon the lifting of the stay, the Superior Court would impose a new sentencing order. Only then would Taylor be permitted to file

---

[2] *State v. Taylor*, 2010 WL 3511272 (Del. Super. Aug. 6, 2010).
[3] *Taylor v. State*, 32 A.3d 374 (Del. 2011).
[4] *Taylor v. Danberg*, C.A. No. 11-1251 (D. Del. Feb. 10, 2012).
[5] The State appealed the District Court's 2014 stay order to the United States Court of Appeals for the Third Circuit. That appeal, along with Taylor's motion to dismiss the appeal, remains pending before the Third Circuit in *Taylor v. Comm'r Dep't of Corr.*, No. 14-9000 (3d Cir.).
[6] *State v. Taylor*, Cr. ID 0003016874 (Del. Super. Nov. 26, 2014).
[7] *Id.*

his motion for postconviction relief, limited to 50 pages. The Superior Court ordered the Prothonotary to reject any filing that was in derogation of the court's order.

Taylor appealed that order to this Court. We issued a notice to Taylor to show cause why the appeal should not be dismissed based on the Court's lack of jurisdiction to hear an interlocutory appeal in a criminal matter. Both parties responded and filed supplemental memoranda as directed by the Court. Ultimately, we concluded that the Superior Court's order rejecting Taylor's second Rule 61 petition for filing was neither final nor interlocutory because no proceeding had ever begun in the Superior Court.[8] We concluded that the proper course of action to challenge the Superior Court's refusal to docket the motion was through the extraordinary writ process.

Taylor filed the current petition for an extraordinary writ on September 9, 2015. He argues that a writ of mandamus must be issued because, by refusing to docket his motion, the Superior Court arbitrarily failed to perform a duty that it owed to him, and Taylor has no other adequate legal remedy. The State agrees that the Superior Court erred by placing conditions precedent, which were unrelated to form, upon the docketing of Taylor's Rule 61 motion. The State asserts that a writ of mandamus should be issued directing the Superior Court to vacate its November

---

[8] *Taylor v. State*, 2015 WL 5076795, at *1 (Del. Aug. 26, 2015).

2014 order and to allow Taylor to file a new, conforming Rule 61 motion without any conditions related to the District Court's consideration of Taylor's federal habeas petition.

### III. ANALYSIS

The Delaware Constitution confers original jurisdiction upon this Court to issue extraordinary writs.[9] A writ of mandamus is a command to compel a trial court to perform an official, legal duty.[10] As a condition precedent to the issuance of a writ of mandamus, the petitioner must demonstrate that: (1) he has a clear right to the performance of a duty; (2) no other adequate legal remedy is available; and (3) the trial court has arbitrarily failed or refused to perform its duty.[11] Absent a clear showing of an arbitrary refusal to act, this Court will not issue a writ of mandamus to compel the trial court to perform a discretionary act or to decide a matter in a particular way.[12]

In this case, the parties both assert that the Superior Court erred when it concluded that the District Court's 2012 stay of execution order divested the state court of jurisdiction in Taylor's case. We agree with that assertion. The District Court's February 10, 2012 order stayed Taylor's execution date and did nothing more than that. The Superior Court thus had jurisdiction to accept Taylor's second

---

[9] Del. Const. art. IV, § 11(5).
[10] *In re Brookins*, 736 A.2d 204, 206 (Del. 1999).
[11] *Id.*
[12] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

Rule 61 motion. The Superior Court also had no discretion, under the circumstances of this case, to direct the Prothonotary to refuse to docket Taylor's Rule 61 motion until the State "submit[ted] an order lifting the stay"[13] or for any reasons that were unrelated to the procedural requirements of Rule 61(b).[14]

Rule 61 sets forth the exclusive remedy for an inmate seeking to overturn a conviction or death sentence after the judgment has become final.[15] Although Rule 61 authorizes the Prothonotary to refuse to docket a motion that fails to conform to the procedural requirements of Rule 61(b),[16] a defendant has the right to have a conforming motion docketed, reviewed, and decided by the Superior Court in a timely manner.[17]

We thus conclude that Taylor has established a clear right to file a Rule 61 motion in this case, and that the Superior Court arbitrarily refused to perform its duty when it failed to docket Taylor's motion. Accordingly, a writ of mandamus directing the Superior Court to vacate its November 2014 order is appropriate under these unique circumstances. We note, however, that our issuance of the writ

---

[13] *State v. Taylor*, Cr. ID 0003016874, ¶ 3 (Del. Super. Nov. 26, 2014).
[14] *See* Super. Ct. Crim. R. 61(b). Rule 61(b) sets forth certain requirements regarding the format, timing, and location for filing a Rule 61 motion. Rule 61(c)(1) provides that the Prothonotary shall return a motion that does not comply with Rule 61(b), if a judge so directs, with the reasons for the return. Rule 61(c)(2) states, in part, "Upon receipt of a motion that appears on its face to comply with subdivision (b) of this rule, the prothonotary *shall* accept the motion and enter it on the docket in the proceeding in which the judgment under attack was entered." *Id*. R. 61(c)(2) (emphasis added).
[15] Del. Super. Ct. Crim. R. 61(a)(2).
[16] Del. Super. Ct. Crim. R. 61(c)(1).
[17] Del. Super. Ct. Crim. R. 61(c)(2); *Brookins v. State*, 736 A.2d at 207.

does not mean that Taylor has an unqualified right to file the 182-page brief that he attempted to file in support of his motion. The Superior Court has discretion to set reasonable page limits and deadlines for briefing Rule 61 motions.[18] The parties may seek the Superior Court's leave to extend those limitations as the circumstances warrant.

## IV. CONCLUSION

The writ of mandamus is GRANTED. The Superior Court is directed to vacate its order dated November 26, 2014.

---

[18] *Gattis v. State*, 955 A.2d 1276, 1286 (Del. 2008).