IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF WILLIAM J. | § No. 355, 2016 | |
| WEBB, JR. FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: July 27, 2016
Decided: September 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 1st day of September 2016, upon consideration of William J. Webb, Jr.'s petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1) Webb seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering a Superior Court judge to recuse himself from Webb's appeals of two Court of Common Pleas judgments and to appoint Webb new counsel. We conclude that Webb's petition fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.

(2) In his petition for a writ of mandamus, Webb contends that the Superior Court judge presiding over his appeals is related to the attorney who prosecuted him in the Court of Common Pleas and should therefore recuse himself. Webb also claims that he is entitled to appointment of new counsel because the attorney who was appointed to represent him in the Court of Common Pleas and who filed a motion to stay briefing in the Superior Court is ineffective. According to the State,

the Superior Court judge originally assigned to Webb's appeals is related to the Court of Common Pleas prosecutor, but a different Superior Court judge is handling Webb's appeals.

(3) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(4) There is no basis for the issuance of a writ of mandamus in this case. First, while Webb filed his petition pro se, the Superior Court dockets reflect that he is represented by appointed counsel and has not been granted permission to participate as co-counsel in his own representation. Although Webb's counsel recently filed a motion to withdraw, the docket does not reflect that the Superior Court has ruled on that motion. Webb was without authority to file the instant petition.[3]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *In re Humes*, 2006 WL 1547970, at *1 (Del. June 5, 2006) (citing *In re Haskins*, 551 A.2d 65, 66 (Del.1988)).

2

(5)     Second, Webb has not shown he has no other adequate remedy or that the Superior Court has arbitrarily failed or refused to perform a clear duty to him. There is no indication in the record that Webb or his counsel has taken any action in the Superior Court to seek recusal of the Superior Court judge.  The Superior Court dockets reflect that a different Superior Court judge, not the one Webb claims must recuse himself, is handling motions and correspondence filed by Webb's counsel and Webb.  The motion to withdraw of Webb's counsel is currently pending.  Webb has failed to show that he is entitled the issuance of a writ of mandamus.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice