IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF WILLIAM J. WEBB | § | No. 445, 2016 |
| FOR A WRIT OF MANDAMUS. | § | |

Submitted: September 2, 2016
Decided: October 27, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 27th day of October 2016 upon consideration of the petition for a writ of mandamus filed by William J. Webb, Jr., and the answer filed by the State of Delaware, it appears to the Court that:

(1)     On February 18, 2016, William J. Webb, Jr., with the assistance of counsel, pled guilty to one count of harassment and two counts of noncompliance of bond in the Court of Common Pleas and was sentenced to a total of one year and thirty days at Level V suspended after sixty days for eleven months of probation. Following his sentencing, Webb filed *pro se* appeals in the Superior Court and motions to withdraw the guilty plea and for postconviction relief in the Court of Common Pleas.[1]

(2)     The Court of Common Pleas appointed substitute counsel to represent Webb on the motions to withdraw the guilty plea and for postconviction relief.  In

---

[1] The Court has taken judicial notice of the Superior Court and Court of Common Pleas case dockets in *State v. Webb*, Cr. ID Nos. 1512013701 and 1601010958.

the Superior Court, Webb's appointed counsel filed a motion to stay the briefing, which was granted.

(3) Webb continued to file *pro se* applications in the Superior Court, filing a petition for a writ of habeas corpus on August 10, 2016. The petition was denied on August 12, 2016. On August 25, 2016, Webb's counsel filed a motion to withdraw in the Superior Court. The motion to withdraw is pending.

(4) Webb seeks to invoke the original jurisdiction of this Court to issue a writ of mandamus ordering the Superior Court to take action on his appeals. A writ of mandamus is a command to compel a court or a judge of the court to perform an official, legal duty.[2]

(5) There is no basis for the issuance of a writ of mandamus in this case. *First,* Webb was without authority to file his mandamus petition in this Court. Unless and until his counsel is granted leave to withdraw in the Superior Court, Webb's representation rests exclusively with his counsel and only counsel is permitted to act on Webb's behalf.[3] *Second,* Webb has not demonstrated that the Superior Court has failed or refused to perform a duty. After appealing his convictions in the Superior Court, Webb filed motions seeking relief from the same

---

[2] *In re Taylor*, 143 A.3d 4, 6 (Del. 2016).

[3] *In re Humes*, 2006 WL 1547970, at *1 (Del. June 5, 2006) (citing *In re Haskins*, 551 A.2d 65, 66 (Del. 1988)).

2

convictions in the Court of Common Pleas.  As a result of Webb's own actions, the Superior Court stayed the briefing in the appeals.

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DENIED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

3