IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE          §
PETITION OF CHARLES FOSTER[1] §   No. 303, 2016
FOR A WRIT OF MANDAMUS.       §

Submitted:  November 28, 2016
Decided:    February 16, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### ORDER

This 16th day of February 2017, it appears to the Court that:

(1)     Charles Foster has filed a petition seeking the issuance of a writ of mandamus compelling the Court of Chancery to eject his former guardian, Karen Sanders-Kane, from a mobile home formerly owned by Foster and Sanders-Kane (hereinafter "Mobile Home"), and to return him to possession of the Mobile Home. Foster alleges that Sanders-Kane acquired the Mobile Home through fraud when she was acting as his guardian of the person and property in 2015 and 2016.[2]  Sanders-Kane has filed an answer to the mandamus petition, contending that she is the rightful legal owner of the Mobile Home.

(2)     Foster was seriously and permanently disabled in a motorcycle accident in 2013.  He and Sanders-Kane bought the Mobile Home together in 2014.  In

---

[1] The Court has assigned a pseudonym to protect the confidentiality of the petitioner and the petitioner's former guardian. Del. Supr. Ct. R. 7(d).

[2] The Court has taken judicial notice of Foster's guardianship case, *In re Foster*, CM18171-S.

September 2015, a Master in the Court of Chancery (hereinafter "the Presiding Master") appointed Sanders-Kane, Foster's then-girlfriend, as Foster's guardian of the person and property. Foster and Sanders-Kane lived together in the Mobile Home until March 2016, when the Family Court granted Sanders-Kane's petition for protection of abuse ("PFA"), and Foster was ordered to vacate the Mobile Home and to have no contact with Sanders-Kane for one year. The PFA order expires on March 27, 2017.

(3) In May 2016, the Presiding Master issued an order appointing the Office of the Public Guardian, Guardianship Monitoring Program (hereinafter "the Public Guardian") to investigate Foster's request for the removal of Sanders-Kane as guardian. The Public Guardian conducted an investigation and filed its report and recommendation in August 2016.

(4) As part of its investigation, the Public Guardian interviewed Foster and his mother. During the interview, Foster asserted that Sanders-Kane "took" the Mobile Home, and Foster's mother claimed that Sanders-Kane "coerced" Foster into signing his rights to the Mobile Home to Sanders-Kane. At the conclusion of the report, and noting that Foster's mother had "verbally consented" to being appointed as substitute guardian for Foster, the Public Guardian recommended that the court remove Sanders-Kane as Foster's guardian and consider appointing Foster's mother as substitute guardian.

2

(5) In September 2016, the Presiding Master issued an order removing Sanders-Kane as guardian. In October 2016, the Register in Chancery advised Foster's legal counsel in another matter that Sanders-Kane had been removed as Foster's guardian and that it was the court's understanding that Foster's mother would be filing a petition to be appointed as successor guardian for Foster.

(6) At the direction of the Court, the Public Guardian filed an answer to Foster's petition for a writ of mandamus. The Public Guardian advised the Court that a writ of mandamus was not warranted because the Court of Chancery had removed Sanders-Kane as Foster's guardian and Foster's mother's petition to be appointed as substitute guardian was pending before the court. When directed to file a supplemental answer indicating whether the Public Guardian was investigating Foster's claim that he was defrauded by Sanders-King, the Public Guardian responded by letter stating that it had "no authority to investigate the matter further without further order of the Court of Chancery."

(7) A writ of mandamus is a command to compel a court or a judge of a court to perform an official, legal duty.[3] The Court may issue a writ of mandamus to compel a court or a judge to perform a duty, but only when the petitioner has a clear right to the performance of the duty, no other adequate remedy is available,

---

[3] *In re Taylor*, 143 A.3d 4, 6 (Del. 2016).

and the court or judge has failed or refused to perform the duty.[4] Mandamus will not issue to compel a discretionary act.[5]

(8)   In this case, having carefully considered the mandamus petition, the answer to the petition, the Public Guardian's letter, and the record below, the Court concludes that mandamus relief is not appropriate.  To date, although Foster's mother filed a motion to proceed *in forma pauperis* (which was denied), she has not filed a petition to be appointed as successor guardian.  Under these circumstances, the Court of Chancery has not arbitrarily failed or refused to perform a legal duty.  Also, it does not appear that Foster (or his successor guardian, when appointed) is without an adequate legal remedy to address the claim that Foster was financially exploited by his former guardian, Sanders-Kane.[6]

(9)   In the absence of a clear showing that the Court of Chancery has arbitrarily failed or refused to act, this Court will not issue a writ of mandamus to compel the Court of Chancery to perform a particular judicial function, decide a matter in a particular way, or to dictate the control of its docket.[7]  Nonetheless, recognizing the predicament that Foster finds himself in without having a successor guardian appointed for him, the Court will direct the Clerk to send a copy of this

---

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[5] *Id.*
[6] *See* Del. Ch. R. 180-D(2)(c) (governing reports and referrals by the Office of the Public Guardian).
[7] *In re Bordley*, 545 A.2d at 620.

4

Order on an expedited basis to the Presiding Master for the next appropriate action in Foster's guardianship case.

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DENIED. The Clerk shall issue the certified copy of this Order forthwith[8] and a copy of the Order on an expedited basis to the Presiding Master for the next appropriate action in Foster's guardianship case.

BY THE COURT:

_____
Justice

---

[8] Del. Supr. Ct. R. 19(a).