IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE     §
PETITION OF DARRELL LAW     §   No. 10, 2017
FOR A WRIT OF MANDAMUS.     §

Submitted: January 23, 2017
Decided:     March 13, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 13th day of March 2017 upon consideration of the petition for a writ of mandamus filed by Darrell Law and the answer filed by the State of Delaware, it appears to the Court that:

(1) Following his arrest on November 6, 2016, Darrell Law was committed to the custody of the Department of Correction in default of bail.[1] Law was indicted on January 3, 2017 on felony drug charges and related offenses. Law is representing himself in the Superior Court.

(2) On December 14, 2016, Law filed a petition for a writ of habeas corpus in the Superior Court.[2] Law claimed that he being detained illegally. By order dated December 16, 2016, the Superior Court denied the petition, ruling that Law's detention in default of bail was proper.

---

[1] The Court has taken judicial notice of Law's pending criminal case, *State v. Law*, Del. Super., Cr. ID No. 1611004084.

[2] The Court has taken judicial notice of Law's petition for a writ of habeas corpus, *In re Law*, Del. Super., C.A. No. K16M-12-023.

(3)    On January 4, 2017, Law filed a petition for a writ of mandamus in this Court.  Law seeks the issuance of a writ of mandamus to compel the Superior Court to conduct a hearing on his habeas corpus petition or to grant the petition and release him from custody.  The State opposes Law's mandamus petition.

(4)    This Court has authority to issue a writ of mandamus to a trial court when the petitioner can demonstrate that the trial court arbitrarily failed or refused to perform a duty owed to the petitioner and that the petitioner is without an adequate remedy.[3]  If there is no showing of an arbitrary failure or refusal to act, the Court will not issue a writ of mandamus requiring the trial court to perform a particular judicial function.[4]

(5)    There is no basis for the issuance of a writ of mandamus in this case. Law has not demonstrated that he is entitled to habeas corpus relief or that the Superior Court failed or refused to perform a duty when summarily denying his petition for a writ of habeas corpus.[5]  To the extent Law seeks to challenge the Superior Court's order denying his habeas corpus petition, that decision cannot be appealed in a petition for a writ of mandamus.[6]

---

[3] *In re Taylor*, 143 A.3d 4, 6 (Del. 2016).
[4] *Id.* (citing *In re Bordley*, 545 A.2d 619, 620 (Del. 1988)).
[5] *See Haskins v. State*, 1989 WL 27642 (Del. Feb. 9, 1989) ("[T]he remedy of habeas corpus is not available to a petitioner who, on the face of court records, is legally held in custody on pending felony charges.") (citing 10 *Del. C.* § 6902; *Jones v. Anderson*, 183 A.2d 177 (1962)).
[6] *Matushefske v. Herlihy*, 214 A.2d 883, 885 (Del. 1965).

2

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DENIED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice