IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF JASON COLLINS | § | No. 491, 2017 |
| FOR A WRIT OF PROHIBITION | § | |

Submitted: January 8, 2018
Decided: February 20, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

This 20th day of February 2018, upon consideration of Jason Collins' petition for a writ of prohibition, his response to the notice to show cause, and the State's response, it appears to the Court that:

(1)     On November 27, 2017, Collins filed a petition asking this Court to issue a writ of prohibition preventing the Superior Court from applying money posted for Collins' bail to his outstanding restitution obligation. The petition arises from Collins' violations of probation ("VOP") after August 20, 2009 convictions for Obtaining a Controlled Substance and Forgery in the Second Degree (Criminal ID No. 0904002027) and a February 24, 2015 conviction for Identity Theft (Criminal ID No. 1407019673). In Criminal ID No. 0904002027, Collins was sentenced to four years of Level V incarceration, suspended for decreasing levels of supervision, and ordered to pay $1,403.00 in restitution. In Criminal ID No. 1407019673, Collins was originally sentenced to three years of Level V incarceration, suspended for decreasing levels of supervision, and ordered to pay $5,293.00 in restitution. On

April 10, 2017, after his seventh VOP in Criminal ID No. 0904002027 and his first VOP in Criminal ID No. 1407019673, Collins was sentenced to three years and eighteen days of Level V incarceration, suspended for decreasing levels of supervision. The restitution terms remained in effect.

(2) In August 2017, Collins was charged with another VOP after new criminal charges were filed against him. The October 2017 VOP hearing was continued at the request of the defense. On October 20, 2017, Collins' counsel filed a motion for bail reduction. The motion sought reduction of the $5,751.09 cash bail (forfeit if posted) to $500.00 cash bail (forfeit if posted). On October 26, 2017, the Superior Court reduced the bail to $2,500.00 cash only "payable to restitution owed the Court."[1]

(3) On November 27, 2017, Collins filed a *pro se* petition for a writ of prohibition in this Court objecting to the form of bail as security for fines and restitution, instead of his appearance in court. On December 4, 2017, the Superior Court modified Collins' bail in Criminal ID No. 0904002027 to $552.00 cash only and in Criminal ID No. 1407019673 to $1,948.00 cash only. The Superior Court removed the condition that any posted bail be applied to Collins' costs, fines, and restitution obligation. The Senior Court Clerk then issued a notice directing Collins

---

[1] *State v. Collins*, Criminal ID Nos. 0904002027 and 1407019673 (Del. Super. Ct. October 26, 2017) (order reducing bail, attached as Exhibit F to the State's Response to Answer to Notice to Show Cause).

2

to show cause why his petition should not be dismissed as moot in light of the December 4, 2017 modification of bail. In his response to the notice to show cause, Collins objected that the bail is cash only and requested that it be changed to secured. The State argued that Collins is not entitled to a writ of prohibition. The bail was posted on February 6, 2018.

(4) Collins' petition is moot. A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from exceeding the limits of its jurisdiction.[2] Collins' writ of prohibition was based on the Superior Court making his cash only bail payable to restitution. The Superior Court modified Collins' bail to remove the restitution condition, and the bail has been posted. Collins' petition is therefore moot. The petition is also subject to dismissal because Collins is represented by counsel in the Superior Court proceedings and is not authorized to file a *pro se* petition directly related to proceedings in which he is represented by counsel.[3]

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of prohibition is DISMISSED as moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *In re Hovey*, 545 A.2d 626, 628 (Del.1988).
[3] *In re Schoolfield*, 1998 WL 280359, at *1 (Del. May 14, 1998); *In re Haskins*, 551 A.2d 65, 66-67 (Del. 1988).