IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES ARTHUR BIGGINS, §
§ No. 153, 2018
    Defendant Below, §
    Appellant, § Court Below:  Superior Court of the
§ State of Delaware
    v. §
§ Cr. ID No. 9609015504 (S)
STATE OF DELAWARE, §
§
    Plaintiff Below, §
    Appellee. §

Submitted: April 9, 2018
Decided:    June 29, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

(1)    The appellant, James Arthur Biggins, was convicted in 1997 of multiple sex offenses.  Since then, he has filed many unsuccessful motions and petitions seeking to overturn his conviction and sentence.

(2)    Biggins' latest motion, filed in March 2018 under Superior Court Criminal Rule 61, seeks a new trial based on "newly discovered evidence" Biggins says he received in 2017 from the U.S. Department of Justice and which, in his view, undercuts his conviction.[1]  The motion was referred to the Superior Court judge who

---

[1] In 2015, Biggins, through appointed counsel, filed a motion under Rule 61 seeking a new trial based on newly discovered evidence uncovered through a joint effort by the Innocence Project and the National Association of Criminal Defense Attorneys.  The Superior Court denied the motion in an order issued on August 4, 2016.  In our Order affirming the Superior Court's judgment, we

presided over Biggins' jury trial in 1997 and who has acted on Biggins' unsuccessful motions and petitions. The same day the motion was filed, the judge issued a letter informing Biggins that:

> The Court received yet another Motion for Postconviction Relief on March 13, 2018. . . .
>
> Based upon your long history of litigation in this Court, as well as the Supreme Court, I shall park your motion in the Superior Court's huge Biggins file and leave it there.
>
> Taking no action means you have no ruling to appeal.

This appeal followed.

(3)     Unless returned to the movant as a non-conforming document,[2] a motion for postconviction relief is presented to a judge for preliminary consideration under Rule 61(d).[3] A successive motion for postconviction relief will be summarily dismissed unless the judge determines that it satisfies the pleading requirements of Rule 61(d)(2)(i) or (ii).[4]

(4)     Biggins' motion was not returned as a non-conforming document under Rule 61(b) and was not reviewed under Rule 61(d). The Court has determined that

---

agreed with the court that the issue Biggins sought to raise was immaterial to the integrity of his conviction. *Biggins v. State*, 2017 WL 3862461, at*2 (Del. Sept. 1, 2017).

[2] Under Rule 61(c)(1), if a motion does not substantially comply with the filing requirements of Rule 61(b), the prothonotary, at the direction of a judge, is required to return the motion to the movant "with a statement of the reason for its return."

[3] R. 61(c)(2), (d).

[4] Also, under Rule 61(d)(5), the judge may enter an order of summary dismissal if it plainly appears from the motion and the record of prior proceedings that the movant is not entitled to relief.

this matter must be remanded to the Superior Court for preliminary consideration of Biggins' motion for postconviction relief under Rule 61(d) and for the issuance of an appropriate order.[5]

NOW, THEREFORE, IT IS ORDERED that this case is REMANDED for further proceedings consistent with this Order. Jurisdiction is not retained. The mandate shall issue forthwith.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *In re Taylor*, 143 A.3d 4, 7 (Del. 2016) (providing that a defendant has the right to have a conforming motion reviewed and decided by the Superior Court).